**BENJAMIN ROSENTHAL, OSB No. 830828**
Attorney at Law
benrose@europa.com
1023 SW Yamhill Street, Suite 200
Portland, OR 97205
Telephone: (503) 226-6409
Facsimile: (503) 226-0903

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DEBBIE A. MCPHERSON,** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | ORS 659A.112; Americans With Disabilities Act (ADA); Oregon Family Leave Act (OFLA): Family and Medical Leave Act (FMLA) |
| **ALTRIA GROUP DISTRIBUTION COMPANY, a foreign business corporation,** | |
| Defendant. | DEMAND FOR JURY TRIAL |

NATURE OF THE ACTION

1.  Plaintiff brings this action to correct unlawful employment practices for discrimination based upon Plaintiff exercising her rights under Title I of the American with Disabilities Act - 42 USC 12101 et seq., and under the State of Oregon disability discrimination statute, ORS 659A.112,

et seq., to correct unlawful employment practices for disability discrimination; under the Family and Medical Leave Act ("FMLA") and under the State of Oregon analog statute ORS 659A.183(2), to correct unlawful employment practices for discrimination on the basis of Plaintiff's status in exercising her rights under the Oregon Family Leave Act ("OFLA"). This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC § 1331 and/or diversity jurisdiction since the Parties are each residents of different states and the claims exceed $75,000. This Court also has pendent jurisdiction over the state law claims.

Defendant failed to accommodate Plaintiff's recognized disability, and retaliated against Plaintiff for invoking the accommodation process and for invoking her rights under the Family Medical Leave Act and subjected her to harassment while requesting accommodation and medical leave.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 USC § 1331, federal question jurisdiction and/or diversity jurisdiction.

3.      This Court also has pendent jurisdiction over the state law claims. Defendant's actions occurred in the District of Oregon and, at all relevant times, the parties did business in the State of Oregon.

## PARTIES

4.      Plaintiff was employed by Defendant from August 5, 2005 through May 23, 2011. At all relevant times, Plaintiff is and was a resident and citizen of the State of Oregon.

Page 2 - **COMPLAINT**

5.      Defendant Altria Group Distribution Company, (Altria) is a Virginia corporation that, at all material times, is doing business in the State of Oregon. At all relevant times, all employees of Defendant were acting within the course and scope of their employment.

## ADMINISTRATIVE EXHAUSTION

6.      Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") on or around November 2, 2011. That filing constitutes a joint filing with the United States Equal Employment Opportunities Commission ("EEOC"), pursuant to a work sharing agreement between the EEOC and BOLI. BOLI provided Plaintiff with a right to sue notice on her claims on April 17, 2012. All procedures necessary to comply with applicable federal and state law were followed, and this action has been filed within the requisite 90-day limit set out in the notice of right to sue.

## STATEMENT OF FACTS

7.      Defendant provides sales, distribution and consumer engagement services for the sale of tobacco.

8.      Plaintiff was hired by Defendant in 2005 as a territorial sales manager.

9.      At all relevant times Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder "ADHD"), which is a neurological condition. At all relevant times all of Defendant's supervisors knew of Plaintiff's condition. A person with ADHD is disabled as that term is defined under state and federal law since it is a mental impairment that substantially limits one or more of the following major life activities: Learning; Reading; Concentrating; Thinking; Communicating and interacting with others.

///

BENJAMIN ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

10. Plaintiff was on approved FMLA/OFLA medical leave from on or about September 9, 2009 through on or about December 27, 2009 and from on or about April 14, 2010 through on or about July 15, 2010.

11. Because of her ADHD, at the conclusion of her second medical leave, her medical provider released her to return to work with the following requested accommodations in her job:

   a. That she be given one week to receive and organize all necessary materials for effective time management and expeditious placement of those materials in the marketplace;

   b. That her Unit and District Managers minimize daily distractions by resisting unnecessary phone calls to her between 9:00 a.m. and 4:00pm while she was in the field;

   c. That she be allocated one day per month out of the field to allow for administrative, organization, preparation and follow-up;

   d. That her Unit and District Managers timely respond to her emails;

   e. That her supervisors take a sensitivity awareness class on ADHD;

   f. That until further notice Defendant allow her time off for one scheduled visit with her medical provider per week.

12. From April, 2010 through the end of her employment, Respondent refused to engage with Defendant in the required interactive process, denied her any of her requested accommodations outlined above and terminated her effective May 23, 2011 in part, because of her medical condition.

## FIRST CLAIM FOR RELIEF

(Title I of the Americans With Disabilities Act - 42 USC § 12101 *et seq.*)

13. Plaintiff realleges and incorporates paragraphs 1 through 12, above.

///

///

///

14. Defendant is, and at all material times was, a covered entity under § 101(2) of the ADA, 42 USC § 12111(2), and was an "employer" within the meaning of ADA § 101(5), 42 USC § 12111(5). Defendant engaged in an industry affecting commerce and employed more than 15 employees at all times during the 20 weeks in the current or preceding calendar year.

15. Plaintiff is, and was at all material times, a qualified individual with a disability within the meaning of § 101(8) of the ADA, 42 USC § 12111(8). Plaintiff's diagnosis of ADHD constitutes a "disability" within the meaning of 42 USC § 12102(2).

16. Defendant discriminated against Plaintiff in substantial part because of her disability by denying her any meaningful accommodation and refusing to meaningfully engage in the required interactive process from April, 2010 through the end of her employment and terminating her effective May 23, 2011.

17. As a direct and proximate result of Defendant's conduct, Plaintiff has been subject to discrimination in violation of the ADA. Plaintiff is entitled to a declaration that Defendant has violated the ADA.

18. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered an economic loss which includes lost income from July 15, 2010 through the present and lost medical benefits and perquisites from May 23, 2011 and she will continue to suffer such economic loss, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

19. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered exacerbation of ADHD, embarrassment, anxiety, humiliation, anger, emotional distress, lost self esteem and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

///

20. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

21. Pursuant to 42 USC § 1988 and 42 USC § 12201, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

### SECOND CLAIM FOR RELIEF

(Title I of the Americans With Disabilities Act - 42 USC § 12101 *et seq.*)

22. Plaintiff realleges paragraphs 1 through 21, above.

23. Plaintiff engaged in protected activity pursuant to the Americans With Disabilities Act by pursuing her rights under the Americans With Disabilities Act. Defendant was well aware that Plaintiff had engaged in this protected activity.

24. Defendant's action of terminating Plaintiff on May 23, 2011 for invoking the accommodation process, violates the Americans With Disabilities Act in that it represents conduct, in substantial part, in retaliation for invoking the process.

25. As a direct result of Defendant's retaliatory conduct, Plaintiff suffered economic losses including prejudgment interest, as described in paragraph 18, in an amount to be determined at trial.

26. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered exacerbation of ADHD, embarrassment, anxiety, humiliation, anger, emotional distress, lost self esteem and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial

27. Defendant acted with malice or with reckless indifference toward Plaintiff's federally protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

Page 6 - **COMPLAINT**

28. Pursuant to 42 USC § 1988 and 42 USC § 12201, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

### THIRD CLAIM FOR RELIEF

### (ORS 659A.112)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, above.

30. Defendant is an "employer" as defined by ORS 659A.001(4).

31. Plaintiff is a "disabled person" as defined by ORS 659A.104(2).

32. Defendant's actions, as described above in paragraph 16, constitutes discrimination against Plaintiff due to her disabilities in violation of ORS 659A.112(2)(e) and (f).

33. As alleged and described in paragraphs 18 through 20, Plaintiff seeks recovery of her economic damages including prejudgment interest, noneconomic and exemplary damages, in an amount to be determined at trial.

34. Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

### FOURTH CLAIM FOR RELIEF

### (ORS 659A.109 - Retaliation)

35. Plaintiff realleges paragraphs 1 through 20, 23 through 27, and 29 through 31, above.

36. Defendant's action of terminating Plaintiff on May 23, 2011 for invoking the accommodation process, violates ORS 659A.109 in that it represents conduct, in substantial part, in retaliation for invoking the accommodation process.

37. As alleged and described in paragraphs 18 through 20, Plaintiff seeks recovery of her economic damages including prejudgment interest, noneconomic and exemplary damages, in an amount to be determined at trial.

///

BENJAMIN ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

38. Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

## FIFTH CLAIM FOR RELIEF

### (Retaliation for Utilizing Medical Leave)
### ORS 659A.183

39. Plaintiff re-alleges paragraphs 1 through 8 and 10, above.

40. Plaintiff, at all material times, was an eligible employee under ORS 659A.156.

41. Defendant, at all material times, was an employer covered under ORS 659A.153.

42. During and after her return from her first medical leave from November, 2009 through the end of her employment in May, 2011, Defendant through the conduct of its employees, taken within the course and scope of their employment with Defendant retaliated against Plaintiff in substantial part for invoking the medical leave procedures in one or more of the following ways:

a. While on Plaintiff's first medical leave, on November 16, 2009, Plaintiff's District Manager Nicole Besaw, assaulted Plaintiff in a public place by forcibly grabbing her arm, spinning her around and saying – "looks like you're doing just fine."

b. In December, 2009, when returning from medical leave, Besaw and Plaintiff's Unit Manager Angela Frias in order to set her up to fail did the following:

1. They held her accountable to a production schedule which did not account for her time off of from work due to her approved medical leave;

2. They required her to drive outside her 200 square mile territory to service establishments outside her territory, despite the hardship;

Page 8 - **COMPLAINT**

      3. They refused to approve her cost of overnight stay to service her 200 square mile territory;

      4. They delayed in providing her with a work computer to service her territory and refused to provide her requested training;

      5. They required her to respond to inconsistent demands without adequate direction;

      6. They failed to return her work related inquiries.

    c. Defendant failed to effectively engage in the interactive process and refused to accommodate any of Plaintiff's medical provider's accommodation requests thereby making it impossible for Plaintiff to return to work.

    43.   Defendant's actions violated Plaintiff's rights under OFLA.

    44.   Plaintiff is entitled under ORS 659A.885 to recover her economic losses as described in paragraph 18, above, in an amount to be determined at trial.

    45.   Plaintiff is further entitled under ORS 659A.885(l) to recover her reasonable attorney fees and litigation costs.

**SIXTH CLAIM FOR RELIEF**

(Family and Medical Leave Act)

    46.   Plaintiff incorporates by reference paragraphs 1 through 8, 10 and 42, above.

    47.   Plaintiff, at all material times, was an eligible employee under 29 USC § 2611.

    48.   Defendant, at all material times, was an employer covered under 29 USC § 2611.

    49.   Defendant retaliated and discriminated against Plaintiff while and/or, for taking medical leave in each of the ways alleged in paragraph 42(a) through (c), above.

50. Defendant's actions violated Plaintiff's rights under FMLA.

51. Plaintiff is entitled under 29 USC § 2617(a)(1)(A)(i)(I) to recover her economic losses as described in paragraph 18, above, in an amount to be determined at trial.

52. Plaintiff is entitled to an amount equal to her economic losses under 29 USC § 2617(a)(1)(A)(iii) in liquidated damages.

53. Plaintiff is also entitled to recover her litigation costs and attorney's fees under 29 USC § 2617(a)(3).

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 16th day of July, 2012.

_____
Benjamin Rosenthal, OSB# 830828
Attorney for Plaintiff